# EXHIBIT 6

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JESSICA FOTI, an Individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

07/08/2019 at 11:48:07 PM

Clerk of the Superior Court
By Miriam Cruz, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
Central Justice Center, 700 Civic Center Drive West,
Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):*
30-2019-01081652-CU-WT-CJC

Judge Thomas A. Delaney

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph K. Johnson, 27201 Puerta Real, Suite 300, Mission Viejo, CA 92691    (949) 284-0062

DATE: 07/08/2019        DAVID H. YAMASAKI, Clerk, by _M. Cruz_, Deputy
*(Fecha)*                Clerk of the Court  *(Secretario)*                *(Adjunto)*
                                                                      Miriam Cruz

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Maxim Healthcare Services, Inc., a Maryland Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 6, Page 30

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOSEPH K. JOHNSON (SBN 263499)<br>LAW OFFICE OF JOSEPH K. JOHNSON, PC<br>27201 Puerta Real, Suite 300<br>Mission Viejo, CA 92691<br>TELEPHONE NO.: (949) 284-0062   FAX NO.: (949) 284-0062<br>ATTORNEY FOR (Name): Plaintiff JESSICA FOTI | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br>07/08/2019 at 11:48:07 PM<br>Clerk of the Superior Court<br>By Miriam Cruz, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
JESSICA FOTI v. MAXIM HEALTHCARE SERVICES, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2019-01081652-CU-WT-CJC<br>JUDGE: Judge Thomas A. Delaney<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
| **Employment**<br>[X] Wrongful termination (36)<br>[ ] Other employment (15) | | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): seven (7)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: JULY 8, 2019

Joseph K. Johnson, Esq.
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit 6, Page 31

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

LAW OFFICE OF JOSEPH K JOHNSON, PC
JOSEPH K JOHNSON, SBN 263499
jjohnson@josephkjohnson.com
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
Telephone: (949) 284-0062
Facsimile: (949) 284-0062

Attorneys for Plaintiff JESSICA FOTI

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
07/08/2019 at 11:48:07 PM
Clerk of the Superior Court
By Miriam Cruz, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

JESSICA FOTI, an individual

Plaintiff,

v.

MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation and DOES 1 through 50, inclusive,

Defendants.

Case No. 30-2019-01081652-CU-WT-CJC
Judge: Judge Thomas A. Delaney

**COMPLAINT FOR**
1. **Failure to Pay Overtime Compensation (Labor Code § 1194)**
2. **Failure to Provide Meal Periods (Labor Code § 226.7)**
3. **Failure to Provide Rest Periods (Labor Code § 226.7)**
4. **Failure to Provide Accurate Wage Statements (Labor Code § 226)**
5. **Waiting-Time Penalty (Labor Code § 203)**
6. **Unfair Business Practices (Bus. & Prof. Code § 17200 et seq.)**
7. **Failure to Prevent Discrimination & Harassment (FEHA)**
8. **Discrimination (medical condition) (FEHA)**
9. **Business Expense Reimbursement (LC 2802)**
10. **Wrongful Termination In Violation Of Public Policy**
11. **Failure to Pay All Wages**
12. **Harassment (FEHA)**
13. **Retaliation (FEHA)**

Case No. _____

COMPLAINT

PLAINTIFF JESSICA FOTI an individual, alleges for Plaintiff's Complaint against Defendant MAXIM HEALTHCARE SERVICES, INC, a Maryland corporation, and DOES 1 through 50 inclusive, as follows:

## PARTIES AND JURISDICTION

1. Plaintiff JESSICA FOTI ("Plaintiff" or "Employee") is and at all times relevant to this Complaint was an individual with place of residence in the County of Orange, California.

2. Defendant MAXIM HEALTHCARE SERVICES, INC ("MAXIM") is a national healthcare company incorporated under the laws of the State of Maryland. MAXIM has branch offices throughout California and the County of Orange, California.

3. Plaintiff is informed and believes that Defendants DOES 1 through 50 are individually and/or jointly liable to Plaintiff's for the wrongs alleged herein. The true names and capacities of Defendants DOES 1 through 50, whether individual, corporate, or otherwise, are unknown to Plaintiff at this time. Accordingly, Plaintiff sues Defendants DOES 1 through 20 by fictitious names and will amend this Complaint to show their true names and capacities after they are ascertained.

4. Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

5. Plaintiff is informed and believes that, except as otherwise alleged herein, each Defendant is, and at all times relevant to this Complaint was, the agent, joint-employer, partner, joint venturer, alter ego, affiliate, and/or co-conspirator with or of each of the other Defendants, and/or otherwise acted on the behalf of each other Defendant.

6. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

7. In this action, Plaintiff seeks compensation for disability discrimination, harassment, retaliation and wrongful termination in violation of public policy in retaliation and during Plaintiff's protected leave. Plaintiff also seeks recovery of wages that she earned, but never

received. She seeks reimbursement for business expenses incurred but not reimbursed. Plaintiff is a female, who suffered from health infirmities including mental health and alcoholism and entered into a rehabilitation program in order to receive care and treatment for her condition.

8. Throughout her employment with Defendants, she resided in Orange County, California with her family.

9. Plaintiff worked as a registered nurse coordinating staffing at defendant MAXIM'S branch Orange County, California for over 12 months until she learned of the termination of her position on or about July 10, 2019.

10. Throughout Plaintiff's employment, Defendants made offensive comments about Plaintiff's health and put her in positions where they required her to drink alcohol in social settings in order to keep her job. Defendant took adverse employment actions against Plaintiff due to Plaintiff's request for protected leave. In order to hide and cover up this illegal action, Defendants filed a lawsuit against Plaintiff, causing additional anxiety and emotional distress.

11. On or around July 10, 2019, Plaintiff was terminated, discriminated, and retaliated against due to her request to enter into rehabilitation program, reasonable accommodation for her medical conditions and complaining about same. At the same time, Defendants defamed Plaintiff and portrayed Plaintiff in a false light by falsely accusing her of drinking alcohol at work, being drunk while working, and finding bottles of alcohol in the office and accusing Plaintiff as hiding them in the office. Defendants published these statements in emails and memorandums to persons that had no reason or need to know, all due to malice and ill will of Defendants. These false and malicious accusations were made in retaliation for Plaintiff complaining about sex and disability harassment, discrimination, and defamation.

## WAGE AND HOUR RELATED FACTS

12. Plaintiff regularly incurred business-related expenses that were necessary and were not reimbursed for it. These include, but are not limited to, internet use, automobile usage, apparel, shoes and uniforms, attire accessories. Plaintiff also incurred other necessary business-related expenses that were not reimbursed. Specifically, Plaintiff was never reimbursed for the interest on expenses incurred.

-3-
Case No. _____
COMPLAINT
Exhibit 6, Page 35

13. Because Defendant failed to reimburse Plaintiff and other employees for reasonably necessary business expenses, they caused their wages to fall below minimum wages, failed to pay their full overtime wages, failed to timely pay wages, and failed to provide accurate wage statements, among other violations as a result. This is because the unreimbursed expenses and uniform maintenance costs are considered "wages." (In re Work Uniform Cases, 133 Cal.App.4th 328 (2005) (holding that payment for uniform maintenance is compensation); see also Sanchez v. Aerogroup Retail Holdings, Inc., 12-CV-05445-LHK, Order On Motion to Dismiss at 12 (N.D. Cal. May 8, 2013) (holding that Labor Code sections 1194, 1194.2, 1197, and 1197.1 permit an action based on unreimbursed expenses because they are 'wages'). Plaintiff intends to add a PAGA action.

14. Within one year after Plaintiff's termination, Plaintiff obtained a Right To Sue letter from the Department of Fair Employment and Housing for the violations alleged in this pleading.

## FIRST CAUSE OF ACTION

(Failure to Pay Overtime Compensation (Labor Code § 1194))

(Against defendant MAXIM and Does 1 through 50)

15. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

16. At all times relevant, Plaintiff was employed by Defendants, and the applicable Wage Order of the IWC was Wage Order 4-2001, codified at Title 8, California Code of Regulations, section 11040 ("Wage Order"). As established by the IWC in the Wage Order and as required under Labor Code section 510, Defendants were obligated to pay Plaintiff an overtime wage of one and one-half times Plaintiff's regular rate for all hours worked after the eighth hour of work on any workday and for every hour worked after the 40th hour of work in any workweek. Plaintiff did not qualify for any exemption from these requirements.

17. As described above, because Defendant failed to compensate Plaintiff for the all the hours Plaintiff was on-call and failed to pay reporting time pay, Defendant failed to pay Plaintiff

1 for all hours worked, including overtime.

2     18. Defendants breached their obligations and did not pay Plaintiff all the overtime pay required. Defendants failed to account for all overtime hour, such as time spent waiting for jobs before shifts start or time spend working through meal breaks.

5     19. Plaintiff is therefore entitled to recover under Labor Code section 1194 for all unpaid overtime wages, together with interest, attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

(Failure to Provide Meal Periods (Labor Code §§ 226.7))

(Against defendant MAXIM and Does 1 through 50)

20. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

21. At all times relevant, Plaintiff was employed by Defendants and Wage Order applied to them.

22. On each day that Plaintiff worked more than five hours, Defendants were required to provide Plaintiff with a meal period completely free from all duties in compliance with Labor Code sections 226.7 and 512, Wage Order, and all other applicable laws and regulations. Plaintiff did not qualify for any exemption from these requirements.

23. Defendants failed to provide Plaintiff with meal periods that were completely free from any work obligations because Defendant would contact Plaintiff on Plaintiff's phone during Plaintiff's breaks and otherwise interrupted or interfered Plaintiff's meal periods.

24. Accordingly, Defendants were and are required to pay Plaintiff one hour of premium pay as required under California Labor Code sections 226.7 and Wage Order § 11(B) for each workday that it failed to provide Plaintiff with a meal period free from all work duties. Plaintiff estimates this to be each and every workday during Plaintiff's employment as far back as the law will allow.

## THIRD CAUSE OF ACTION

(Failure to Provide Rest Periods (Labor Code §§ 226.7)

(Against defendant MAXIM and Does 1 through 50)

25. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

26. At all times relevant, Plaintiff was employed by Defendants, and the Wage Order applied.

27. Defendants were required to provide Plaintiff with rest periods that were completely free from any work obligations in compliance with Labor Code sections 226.7 and 512, Wage Order, and all other applicable laws and regulations. Defendants were required to give Plaintiff one ten minute rest period free from all duties during each work shift of four hours or major fraction thereof. On days that Plaintiff worked eight or more hours, Plaintiff was entitled to two rest periods. Plaintiff did not qualify for any exemption from these requirements.

28. Defendants failed to provide Plaintiff with rest periods that were completely free from work during the middle of Plaintiff's work shifts.

29. Accordingly, Defendants were and are required to pay Plaintiff one hour of premium pay as required under California Labor Code sections 226.7 and Wage Order § 12(B) for each workday that it failed to provide Plaintiff with rest periods free from all work duties. Plaintiff estimates this to be each and every workday during Plaintiff's employment as far back as the law will allow.

## FOURTH CAUSE OF ACTION

(Failure to Provide Accurate Wage Statements (Labor Code § 226))

(Against defendants MAXIM and Does 1 through 50)

30. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

31. Under California Labor Code section 226, Defendants were required to provide

-6-
COMPLAINT

Case No. _____

wage statements to Plaintiff that accurately reflected Plaintiff's true hours of labor worked.

32. To the contrary, Defendants provided wage statements that reflected far less than the actual amount of labor performed by Plaintiff. Despite working numerous overtime hours as described in this Complaint, Defendants issued wage statements to Plaintiff without listing the hours worked and paying him the same amount without fluctuation and without any regard to actual time worked, when in fact Plaintiff worked many more hours than indicated.

33. Plaintiff was harmed by, among other things, not being alerted to the fact that Defendants violated California's overtime laws or that Plaintiff was being underpaid and thereby suffering continuous violations of Plaintiff's rights for a period of years;; not having accurate documentation to allow him to make a more precise calculation of Plaintiff's wages owed or to prove Plaintiff's wage claims with more certainty, all of which resulted in Defendants underpaying Plaintiff as set forth above in overtime wages.

34. Defendants' conduct was a substantial factor in causing Plaintiff harm.

35. Defendants are liable for actual damages caused subject to proof at trial plus interest thereon and attorney's fees and costs under California Labor Code section 226(e).

### FIFTH CAUSE OF ACTION

(Waiting-Time Penalty (Labor Code § 203))

(Against defendants MAXIM and Does 1 through 50)

36. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

37. As set forth in Labor Code section 201 and 202, upon the termination of Plaintiff's employment or within 72 hours thereafter, Defendants were obligated to pay Plaintiff all compensation earned and unpaid at time of termination.

38. Defendants did not do so. As described above, Plaintiff was never paid for numerous hours of overtime labor, and Plaintiff has not received any payment for those hours of labor even as of the filing of this Complaint.

39. Under Labor Code section 203, Defendants are obligated to pay Plaintiff a

waitingtime penalty equivalent to thirty full working days worth of wages in an amount according to proof at plus interest thereon, attorney's fees, and costs of suit.

## SIXTH CAUSE OF ACTION

VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200)

(Against defendant MAXIM and Does 1 through 50)

40. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

41. Defendants are "persons" as defined under Business and Professions Code section 17021. Each of the directors, officers, and/or agents of the Defendants are equally responsible for the acts of the others as set forth in Business and Professions Code Section 17095.

42. Defendants' violations of California law as discussed in this pleading, including Defendants' failures to pay Plaintiff all earned overtime and premium-pay wages, failure to pay Plaintiff all wages due at termination or resignation, and failure to provide accurate earnings statements constitutes unfair business practices in violation of Business & Professions Code Section 17200 et seq.

43. Defendants have failed to reimburse Plaintiff for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of her duties in violation of Labor Code §§ 1198, 2802 and Wage Order ¶ 9.

44. Defendants' violations have resulted in Defendants underreporting to federal and state authorities wages earned by Plaintiff and, therefore, underpaying state and federal taxes, employer matching funds, unemployment premiums, social-security and workers'-compensation premiums, etc.; and Defendants have similarly reaped an unlawful financial gain by exploiting Plaintiff by taking Plaintiff's labor without lawful compensation.

45. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefit, illegal competitive advantage, and illegal profit at the expense of Plaintiff and other current and former employees, competitors, and the general public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff and to those other current and

-8-

Case No. _____

COMPLAINT

former employees as restitution.

46. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff all compensation unlawfully withheld.

47. Plaintiff further requests that a receiver be appointed to control and monitor all of the business affairs of Defendants, and each of them, to ensure compliance with applicable wage- and hour-laws of the State of California and to ensure that full restitution is made to Plaintiff of Plaintiff's owed and unpaid compensation.

48. Plaintiff further requests that the Court issue a preliminary injunction against Defendants, and each of them, to prevent them from committing further violations of the Labor Code and the unfair business practices alleged herein.

49. Plaintiff acts in the public interest by exposing Defendants' unfair business practices and seeking injunctive relief to remedy those practices. Plaintiff asks for an award of attorneys' fees and costs under Code of Civil Procedure section 1021.5.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION & HARASSMENT (FEHA)

(Against defendant MAXIM and Does 1 through 50)

50. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

51. Throughout Plaintiff's employment, Defendants continually, consistently and unlawfully harassed and discriminated against Plaintiff on the basis of Plaintiff's disability and as set forth above.

52. Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment of Plaintiff from occurring, as alleged above. Specifically, and among other things, the Defendants failed to: adequately train supervisors as to handling and identifying unlawful harassment or discrimination; failed to properly respond and investigate reported incidents of harassment; and educate employees about what constitutes unlawful harassment or discrimination.

53. As a direct and proximate result of the Defendant's failure to take all reasonable steps necessary to prevent discrimination and harassment, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

54. As a further proximate result of Defendant's despicable discriminatory actions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

55. Defendant's above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish defendants and deter such conduct in the future.

56. As a further and proximate result of Defendant's despicable discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

## EIGHTH CAUSE OF ACTION

## DISCRIMINATION BASED ON GENDER/SEX (FEHA)

(Against defendant MAXIM and Does 1 though 50)

57. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

58. Defendant engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff on the basis of Plaintiff's disability, as set forth above.

59. Plaintiff is informed and believes and based thereon alleges that Plaintiff's sex, gender race, national origin, and ancestry, was a substantial motivating reason in Defendant's termination of Plaintiff's employment, and other discrimination against him, in violation of Government Code §12940(a).

60. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

61. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

62. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

63. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## NINTH CAUSE OF ACTION

BUSINESS EXPENSE REIMBURSEMENT (L.C. § 2802)

(Against defendant MAXIM and Does 1 through 50)

64. Plaintiff incorporates by reference and re-alleges the foregoing paragraphs as though set forth fully herein.

65. Code section 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

66. Since at least four years prior to filing this action, Defendant failed to reimburse Plaintiff for the following expenditures, among others, incurred as a result of discharging Plaintiff's duty: cost of cell phone usage and safety equipment.

67. Under Code section 2802(c), Plaintiff is entitled to recover all reasonable costs, including attorney's fees, incurred in enforcing Plaintiff's rights granted by Section 2802. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

## TENTH CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against defendant MAXIM and Does 1 though 50)

68. The allegations set forth in paragraphs above are re-alleged and incorporated herein

-11-
Case No. _____
COMPLAINT

by reference.

69. Defendant's termination of plaintiff's employment violates the fundamental public policies of the State of California including, but not limited to, the policy prohibiting an employer from discriminating against an employee because of such employee's disability, request to take protected leave, and taking said leave, as set forth in Government Code § 12920, and as stated above and because Plaintiff complained about said discrimination and harassment.

70. As a direct and proximate result of the Defendants actions/inactions, Plaintiff has been harmed in that Plaintiff has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

71. As a further proximate result of the Defendant's actions/inactions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

72. Defendant's above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish Defendant and deter such conduct in the future.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES

(Against defendant MAXIM and Does 1 through 50)

73. Plaintiff hereby re-alleges and incorporates the allegations set forth in this pleading as though fully set forth herein.

74. Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiffs and aggrieved employees were not exempt managerial, administrative, or professional employees.

75. As a result of defendant MAXIM's conduct set forth herein, Plaintiff and fellow aggrieved employees are entitled to a recovery of damages for all unpaid wages at the proper rates of pay as restitution from Defendants.

76. At all times pertinent hereto, California Labor Code § 1194.2 provides for the recovery of prejudgment interest in any action brought to recover the nonpayment of wages, at the

rate specified in Civil Code § 3289.

77. At all times pertinent hereto, Labor Code §1194, provided for the recovery of attorney's fees in any action brought to recover the nonpayment of minimum wages.

78. Plaintiff is informed, believes, and thereon alleges that defendant MAXIM, and each of them, ordered, authorized, approved, or ratified the conduct herein alleged with intent to deprive Plaintiff and fellow members of the Class/aggrieved employees of their wages and other benefits to which they were entitled under California law, so as to increase MAXIM's revenue, notwithstanding statutory obligations, including those which carry criminal penalties for noncompliance.

79. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiff and aggrieved employees of monies to which they were and are entitled under California law, so as to increase Defendants' revenue, notwithstanding clear statutory obligations, including those which carry criminal penalties for noncompliance.

## TWELFTH CAUSE OF ACTION

### HARASSMENT (Govt. Code § 12940(j)

(Against All Defendants)

80. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

81. Throughout Plaintiff's employment, Defendants continually, consistently and unlawfully harassed Plaintiff on the basis of Plaintiff's disability and request to take leave under California law as set forth above.

82. Defendants' harassment of Plaintiff, as alleged above, constituted unlawful harassment in employment on account of sex, gender race, national origin, and ancestry, in violation of the California Constitution, Government Codes and Labor Codes referenced above.

83. As a direct and proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered physical and

-13-       Case No. _____
COMPLAINT
15325164.1                                    Exhibit 6, Page 45

emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

84. As a further proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

85. Defendants' above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish defendants and deter such conduct in the future.

86. As a further and proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

## THIRTEENTH CAUSE OF ACTION

(Retaliation (California Govt. Code §12940(k)))

(Against all Defendants)

87. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

88. Defendant MAXIM's discrimination and retaliation against plaintiff because of Plaintiff's protected activity was in violation of Government Code § 12940(h), and Title 2 California Administrative Code §§ 7286.6, 7287.7, and 7287.8, and in violation of the common law in abrogation of plaintiff's rights.

89. Plaintiff was injured and damaged as alleged above as a direct and legal result of Defendants' conduct.

90. The above-alleged actions of defendant MAXIM were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California, all resulting in mental and financial harm to plaintiff. Specifically defendant MAXIM harassed, failed to prevent harassment, and retaliated against plaintiff because of Plaintiff's disability and protected medical leave, thereby entitling

plaintiff to exemplary or punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. For general and special compensatory damages in an amount not less than $300,000.
2. For liquidated damages, interest thereon, attorney's fees, and costs of suit under Labor Code section 1194;
3. For unpaid wages, overtime wages, meal and rest period premium pay according to proof at trial;
4. For interest thereon, attorney's fees, and costs of suit under Labor Code section 226(e);
5. For waiting-time penalties according to proof at trial;
6. For punitive damages in an amount sufficient to punish and make an example of Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;
7. For restitution in an amount subject to proof at trial
8. For disgorgement of profits gained as a result of Defendants' unlawful failure to pay wages and other compensation earned and other unlawful and unfair business practices;
9. For costs of suit and attorney's fees under Code of Civil Procedure section 1021.5; Labor Code 1194, 2802; Govt. Code section 12965 and other laws that provide attorney fees for claims alleged.
10. For pre- and post-judgment interest;
11. General, special and punitive damages;
12. For declaratory relief;
13. For such further relief as the Court may deem appropriate.

////
////
////
////
////

-15- Case No. ___
COMPLAINT

Exhibit 6, Page 47

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

DATED: July 8, 2019

LAW OFFICE OF JOSEPH K JOHNSON, PC

By: _____
JOSEPH K JOHNSON
Attorneys for Plaintiff
JESSICA FOTI